IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TAD MASON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | )   CIV-05-1383-HE |
| v. | ) |
| | ) |
| JAMES A. YATES, et al., | ) |
| | ) |
| Defendants. | ) |

REPORT AND RECOMMENDATION

Plaintiff, a Hawaii prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. §1983. Plaintiff is incarcerated at a private prison in Arizona. However, he alleges in his Complaint that he was subjected to constitutional deprivations during his previous confinement at a private prison, Diamondback Correctional Facility ("DCF"), located in Watonga, Oklahoma, and also subjected to constitutional deprivations in a disciplinary proceeding conducted at the Arizona private prison. Named as Defendants in the Complaint are three DCF officials, including DCF Assistant Warden Yates, DCF correctional officer Mayfield, and DCF mailroom clerk Sacket. Also named as Defendants are correctional officers at the Arizona private prison, including Defendants Estrada and Stansel, and a correctional official in Hawaii, Defendant Kimoto, who is identified as the Hawaii Contract Monitor between Hawaii and the Correctional Corporation of America ("CCA") which owns and operates DCF and the Arizona private prison in which Plaintiff is currently incarcerated. The matter has been referred to the undersigned

1

Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the cause of action against Defendants Estrada and Stansel be dismissed for lack of personal jurisdiction over these Defendants.

I. Initial Review under 28 U.S.C. §1915(e)(2)(B)

In considering a civil complaint filed by a prisoner, the court has the responsibility to screen as soon as possible a complaint in a civil action filed by a prisoner *in forma pauperis*. 28 U.S.C. § 1915(e)(2). On review, the court must dismiss a prisoner's cause of action at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the prisoner seeks monetary relief from a defendant who is immune from such a claim. 28 U.S.C. § 1915(e)(2)(B).

A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991).[1] In reviewing the sufficiency of the complaint, the court presumes all of the plaintiff's factual allegations to be true and construes them in the light most favorable to the plaintiff. Id.  A *pro se* plaintiff's complaint must be broadly construed under this standard. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the "broad reading" of *pro se* complaints dictated by Haines "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized

---

[1] The "standard for dismissal for failure to state a claim is essentially the same under" both Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. §1915(e)(2)(B)(ii). Curley v. Perry, 246 F.3d 1278, 1283 (10th Cir.), cert. denied, 534 U.S. 922 (2001).

legal claim could be based." Hall, 935 F.2d at 1110.  The court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

II. Personal Jurisdiction

In the Complaint, Plaintiff alleges that on September 24, 2004, while Plaintiff was incarcerated at DCF, Defendants Sacket, Yates, and Mayfield opened incoming mail addressed to Plaintiff and extracted five photographs from the mail.  These photographs were then torn apart and five one-hundred-dollar bills were found between the photographic paper of each of the five photographs.  This cash was confiscated by the DCF officials.  Plaintiff alleges that he was not notified of this destruction of the photographs and confiscation of cash from his mail until November 1, 2004, after his transfer to the Arizona private prison, when he was served with written notice of a disciplinary misconduct charge authored by Defendant Mayfield.  Plaintiff alleges that he was found guilty in a disciplinary proceeding conducted at the Arizona prison of the disciplinary misconduct of violation of any state, federal, or local law.  Plaintiff does not allege what disciplinary sanctions were imposed for this misconduct.  Plaintiff alleges that he appealed the disciplinary finding to the warden of the Arizona prison.  Plaintiff alleges he also filed administrative grievances requesting either the return of the money extracted from his incoming mail or that the money be returned to its sender, and Plaintiff alleges that his grievances were denied.  In response to his letters and grievances, Plaintiff alleges that he was informed first in a "memo dated 2/23/05, from

Roberta Hickey through defendant James A. Yates" and subsequently in a letter from Defendant Kimoto that the cash taken from his mail at DCF had been "confiscated" and determined to be "contraband," and the cash had been "donated to the Inmate Welfare fund."

Plaintiff contends that Defendants Yates, Mayfield, and Sacket's actions in taking the photographs from his mail and destroying the photographs constituted an unreasonable search and seizure in violation of the Fourth Amendment and also violated Plaintiff's First Amendment right to receive correspondence in the form of photographs. Plaintiff further contends that the refusal by Yates to allow the return of the confiscated cash to its sender violated Plaintiff's First Amendment rights and that the confiscation by Yates of "plaintiff's cash" also constituted an unreasonable search and seizure in violation of the Fourth Amendment. Further, Plaintiff contends that Defendants Yates, Mayfield, and Sacket violated Plaintiff's First Amendment and due process rights by failing to notify Plaintiff of the destruction of his incoming mail and the extraction of the cash from his mail. Plaintiff alleges in this regard that CCA and Hawaii state policy mandate that notice be given to an inmate when items are removed from his or her mail. Finally, as to Defendant Mayfield, Plaintiff alleges that the disciplinary charge issued by Defendant Mayfield for a violation of "any" state, federal or local law is "unconstitutionally vague" and deprived Plaintiff of due process under the Fourteenth Amendment. With respect to Defendant Kimoto, Plaintiff contends that Kimoto's refusal to return the confiscated cash to Plaintiff violated his Fourth Amendment and due process rights. The remainder of the claims alleged in the Complaint

4

are directed to the actions of Defendants Estrada and Stansel in conducting the disciplinary hearing and finding Plaintiff guilty of the disciplinary misconduct for violation of any federal, state, or local law.

Plaintiff seeks compensatory and punitive damages from all of the Defendants named in the Complaint, and Plaintiff also seeks injunctive relief from Defendants Yates, Kimoto, Estrada, and Stansel in the form of (1) an injunction "to allow plaintiff to return the $500 in cash that was taken from his mail back to sender, or credit it to his prison account," and (2) "an injunction ordering defendants Estrada, Stansel and Kimoto to expunge the disciplinary conviction described in this complaint from plaintiff's institutional record."  Plaintiff has not provided any documentary evidence with respect to the alleged seizure from his incoming mail, with respect to the alleged disciplinary proceeding, and with respect to his allegations of exhaustion of administrative remedies.

Without addressing the merits of Plaintiff's claims, it is clear from the face of the Complaint that this Court lacks personal jurisdiction over Defendants Estrada and Stansel. The burden is upon the plaintiff to establish that the court's exercise of jurisdiction is proper. Pro Axess, Inc. v. Orlux Distribution, Inc., 428 F.3d 1270, 1276 (10th Cir. 2005); Williams v. Bowman Livestock Equipment Co., 927 F.2d 1128, 1130 (10th Cir. 1991).  In order to satisfy this burden, Plaintiff must comply with the obligations of this forum state's, that is,

Oklahoma's, long-arm statute[2] as well as the requirements of the federal Constitution. Id., at 1131. "In Oklahoma, this two-part inquiry collapses into a single due process analysis, as the current Oklahoma long-arm statute provides that '[a] court of this state may exercise jurisdiction on any basis consistent with the Constitution of this state and the Constitution of the United States.' Okla. Stat. tit. 12, § 2004F." Rambo v. American Southern Ins. Co., 839 F.2d 1415, 1416-1417 (10th Cir. 1988).

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-472 (1985)(quotations omitted). Consistent with the Due Process Clause, a "court may exercise personal jurisdiction over a nonresident defendant only so long as there exist minimum contacts between the defendant and the forum State." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980)(quotations omitted). "The minimum contacts necessary for specific personal jurisdiction are established if the defendant has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." Soma Med. Int'l v. Standard Chartered Bank, 196 F.3d 1292, 1298 (10th Cir. 1999). "It is essential in each case that there be some act by which the defendant purposefully avails [him]self of the privilege of conducting activities within the

---

[2] See Fed. R. Civ. P. 4(k)(1)(A)(service of summons is effective to establish personal jurisdiction over a defendant "who could be subject[ ] to the jurisdiction of a court of general jurisdiction in the state in which the district court is located").

forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958). "[T]he defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." World-Wide, 444 U.S. at 297.

Unlike Defendants Yates, Mayfield, and Sacket who are residents of Oklahoma, and unlike Defendant Kimoto[3] who conducted purposeful activities in the State of Oklahoma under a contract between her employee and CCF, a corporation doing business here, there is nothing in the pleadings to indicate that Defendants Estrada or Stansel had sufficient minimum contacts with the State of Oklahoma to satisfy the due process requirements for the exercise of personal jurisdiction over these Defendants in this Court. Plaintiff's only claims against Defendants Estrada and Stansel involve their actions or omissions in their resident state of Arizona. Plaintiff's claims against Defendants Estrada and Stansel involve distinct claims of due process deprivations in a disciplinary proceeding, that, although the misconduct charge arose from activities occurring in Oklahoma at DCF, can be separated such that the exercise of pendent personal jurisdiction over these Defendants is not warranted. Cf. Botefuhr, 309 F.3d at 1272-1274(acknowledging that the exercise of pendent

---

[3]Even assuming Defendant Kimoto's activities in monitoring the actions of Hawaii inmates incarcerated at DCF did not provide sufficient minimum contacts with the State of Oklahoma, the Plaintiff's claims against her are so entertwined with the Plaintiff's claims against Defendants Yates, Mayfield, and Sacket such that the exercise of pendent personal jurisdiction is warranted. See United States v. Botefuhr, 309 F.3d 1263, 1272 (10th Cir. 2002)(recognizing that "once a district court has personal jurisdiction over a defendant for one claim, it may 'piggyback' onto that claim other claims over which it lacks independent personal jurisdiction, provided that all of the claims arise from the same facts as the claim over which it has proper personal jurisdiction").

personal jurisdiction may be appropriate in certain situations but recognizing the decision whether to exercise pendent personal jurisdiction is relegated to the discretion of the district court).  Moreover, because Plaintiff had been transferred to the Arizona prison long before he filed the instant action, it was clear that the Court lacked personal jurisdiction over his claims against Defendants Estrada and Stansel at the time the instant action was filed in this Court. There is no statute of limitation precluding Plaintiff from pursuing an action against these Defendants in the proper forum.  Thus, because the exercise of personal jurisdiction over these Defendants would violate their due process rights, Defendants Estrada and Stansel should be dismissed from the action without prejudice to another action against them filed in the proper forum.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the cause of action against Defendants Estrada and Stansel be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim against these Defendants due to the absence of personal jurisdiction.  Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by       January 25th      , 2006, in accordance with 28 U.S.C. § 636 and LCvR 72.1.  The Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation partially disposes of the issues referred to the

undersigned Magistrate Judge in the captioned matter.

ENTERED this ___5th___ day of ___January___, 2006.

*/s/ Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE