## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TAD MASON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-05-1383-HE |
| | ) | |
| JAMES A. YATES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, a Hawaii state prisoner appearing pro se, seeks damages and injunctive and declaratory relief pursuant to 42 U.S.C. § 1983 for alleged civil rights violations. Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred to Magistrate Judge Gary M. Purcell who issued his Report and Recommendation, recommending that the motions to dismiss filed by defendants Yates, Mayfield, Sacket and Kimoto [Doc. Nos. 17, 23 and 24] be granted in part and converted in part to motions for summary judgment and, so converted, that the motions be granted.[1]  The matter is currently before the court on plaintiff's objection to the Report and Recommendation.[2]

The Magistrate Judge concluded in the Report and Recommendation that plaintiff's claims related to his prison disciplinary proceedings are premature under Heck v. Humphrey,

---

[1]*The claims raised by plaintiff against defendants Estrada and Stansel were previously dismissed by the court based on a lack of personal jurisdiction.  Order of Feb. 9, 2006.*

[2]*Plaintiff filed his response to defendant Kimoto's motion after the Report and Recommendation was issued.  However, because plaintiff has objected to the Report and Recommendation, the court has made a de novo review of the record.  28 U.S.C. § 636(b)(1)(C).*

512 U.S. 477 (1994), and <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997), because his misconduct conviction has not been invalidated or overturned.[3]   In addition, the Magistrate Judge concluded that plaintiff's constitutional claims related to the confiscation and destruction of his property have not been exhausted as required by the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a).[4]

Having considered the matter de novo, the court concurs with Judge Purcell's conclusion that plaintiff's claims related to his disciplinary proceeding are premature and that his claims related to the confiscation and destruction of his property have not been properly exhausted.   Accordingly, the Report and Recommendation is **ADOPTED** and plaintiff's claims are **DISMISSED** without prejudice.[5]

**IT IS SO ORDERED**.

_____

[3]*In his objection to the Report and Recommendation, plaintiff alleges that prison officials had no authority, either under Oklahoma or Hawaii law, to seize his property. As this claim directly challenges the validity of his misconduct conviction, it is premature. Heck, 512 U.S. at 486-87.*

[4]*Plaintiff asserts in his objection to the Report and Recommendation that the PLRA is not applicable here because he is incarcerated in a private prison.   However, the exhaustion requirements of the PLRA apply to privately owned prisons. See Ross v. County of Bernalillo, 365 F.3d 1181, 1184 (10th Cir. 2004) ("Nothing in the language or policy of the PLRA excuses prisoners in privately operated institutions from exhausting available administrative remedies.").*

[5]*See Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 560 n.5 (10th Cir. 1999) (dismissals under Heck are without prejudice); Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1213 (10th Cir. 2003) ("A dismissal based on lack of exhaustion . . . should ordinarily be without prejudice.").*

Dated this _14th_ day of September, 2006.

JOE HEATON
UNITED STATES DISTRICT JUDGE